Good morning. If it may please the court, this is a criminal case. The defendant in this case was convicted of two crimes on separate occasions. First, he was convicted of a money transport violation. Secondly, later on, he was convicted of drug importation. It's uncontested that the money was transported after the drug importation ended. There was no overlap between the conduct in the two crimes. The indictment verifies this, and the arrest and indictment in the bulk money transport case also confirms that. The current appeal is from the sentence in the drug importation case. In this case, the United States and the defendant entered into a plea agreement for the defendant to be sentenced at level 35. There was no stipulation as to criminal history category. Under the agreement, the parties were free to argue for a sentence anywhere between 180 and 204 months. The district court calculated the sentencing. Justice Breyer, counsel, on that point, though, I thought that if the district court did sentence your client to somewhere between 180 and 204 months, there was a waiver of appeal. Arroyo-Blas Yes, there was a waiver of appeal provision in the agreement. However, I believe this case meets the test set out in United States v. Teeter. Justice Breyer, counsel, but you haven't argued in your brief that there was no waiver of this appeal or that it should not be effected. Arroyo-Blas Well, it appears to me that that is in the nature of an affirmative defense to be raised by the prosecution or the United States in this case. Justice Breyer, counsel, where there is a waiver of appeal, that it is defense counsel's obligation to first address that. Arroyo-Blas It was addressed in the brief, although not in detail. It's true. I accept that. Justice Breyer, counsel, and why is it, if we overlook your waiver, which we may choose not to do, why is it that there is any miscarriage of justice here? Arroyo-Blas There is a miscarriage of justice here because there is a misinterpretation of a sentencing guideline by the district court that enhanced the sentence of this defendant. I think there is a reasonable inference by eight months. Justice Breyer, counsel, and you think any mistake as to a guideline is a miscarriage of justice? Arroyo-Blas I think when there is a fundamental error regarding someone's sentencing guideline, criminal history category, you're going to end up with an influence on the sentence and that will lead to a miscarriage of justice. I think that there was a recent case, United States v. Ortiz, 741 Federal 3rd 288, 2014, that addresses that very point. Sentencing guideline calculations are the starting point for all of the sentences. If the sentencing guideline starting point is skewed, the platform from which the judge goes to make their decision is changed, is either raised or lowered. In this case, the inference is really plain that the judge sentenced to 188 months instead of 180 months, simply because the lower end of the sentencing guideline range for category 2 and level 35 was 188 months. I point out that the decision by the judge to place this defendant in criminal history category 2 doesn't agree with the sentencing guidelines themselves. It's a misinterpretation of guideline section 4A1.2A1. Although if you read it in the abstract or not in context by itself, it would appear to say that a sentence that was entered prior to the current sentence is a prior sentence. If you take a look at the whole scheme, the comprehensive scheme for the criminal history categories, that's not the case. Well, it is certainly the plain reading of the guideline. Yes, it is. And you're saying there's a miscarriage of justice out of the district court's plain language reading of a guideline? I think it's fundamental. It's a fundamental concept in all law, not just criminal law. I first ran across it in civil law doing contracts that words by themselves have no magical power. They have to be read in context. And as cited in the brief, the United States Supreme Court has repeatedly said that. And so, yes, if you go by the plain reading, that would be the case. But this is an unusual case. This is a case where the conduct for the prior sentence occurred after the conduct for the present sentence. So there's no possibility that there would be any effect to determining whether or not the sentence was a prior sentence. There's another recidivism, which is the concept behind the criminal history category. If you look at the criminal history category, Chapter 4, introductory notes to Section 4A1.1, it says that, it says, and I just, to take a little bit of it out of context here, but a defendant's record of past criminal conduct, past criminal conduct, is directly relevant to these purposes. Speaking of the purposes of Section 18 U.S.C. 3553A2. A defendant with a record of prior criminal behavior is more culpable than a first offender and thus deserving of greater punishment. General deterrence of criminal conduct dictates that a clear message be sent to society that repeated criminal behavior will aggravate the need for punishment, et cetera, for each recurrence. The situation is that there will be no effect on deterrence if a defendant is punished subsequently for conduct that occurred after the prior conduct. There's no deterrence possible. And so it does not meet either the guidelines, reasons for existence of the criminal history category or for implementation of that. It does not meet the Section 3553A factors, nor does it meet the 28 U.S.C. Section 994 purposes for establishing the Sentencing Commission and the guidelines. I invite any questions. No, counsel, but I do wish that the next time you bring one of these appeals, you read our case law about your obligations to this court. You may sit down. Good morning, Your Honors. John Matthews appearing on behalf of the United States. May it please the Court. The waiver of appeal clause applies in this case. The defendant was sentenced to 188 months imprisonment. That was within the Type C plea agreement recommendation of 180 to 204 months. My brother counsel did not argue in his brief that the waiver of appeal should not apply. Therefore, this case should be dismissed. However, if the court does want to get to the merits, there's no miscarriage of justice in this case. The district court in this case applied the plain language of the sentencing guidelines. U.S.S.G. Section 4A.1.2 defines prior sentence as any sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of no low contendere, for a conduct not part of the incident offense. The district court committed no legal error because it correctly calculated Mr. Royal Bloss's criminal history category in accordance with U.S.S.G. Section 4A.1. In this particular case... Your Honor, the Sentencing Reform Act, the basic purpose is to address questions related to the criminal history category. These include deterrence, incapacitation, just punishment, and rehabilitation. It's the government's position that the district court applying the plain language does address each of these because both the criminal conduct, the conviction, and the sentence occurred before the sentence in this case. If you were to take a hypothetical example, my brother counsel urges that it should be a criminal history category 1. In that particular instance, even though the conduct occurred after the conduct in this case, in that case, his criminal history category was not affected. So we would have a situation where in the bulk cash smuggling case, he would have a criminal history category 1, and in the incident case, he would have been exposed to a criminal history category 1. So the district court appropriately applied the guidelines, and if the district court did suspect that there was... imposed a higher imprisonment term on the defendant, the district court also has discretion to address that with the variance or downward departure pursuant to the guidelines. So there is a way in this type of unusual case for the district court to address that issue if it should arise. Yes. When I read the government's brief, I read about Teeter. I did not read about that there had been a waiver of appeal of the waiver of appeal. The first I heard of that from you was this morning. Is Mr. Perez-Sosa still reviewing briefs? Yes, Rob. Would you please tell him that when it comes to these waivers of appeal, we'd like to see the arguments put up front that apply in the cases, because when we decide whether to set a case for oral argument, we are counting on the parties to tell us what the issues are. Yes, Your Honor.